Francis H. MacPhaiden, Jr., and Shirley K. MacPhaiden v. Commissioner.
MacPhaiden v. Commissioner
Docket No. 4192-66.
United States Tax Court
T.C. Memo 1967-233; 1967 Tax Ct. Memo LEXIS 27; 26 T.C.M. (CCH) 1197; T.C.M. (RIA) 67233; November 21, 1967
*27 Held: On the evidence presented, petitioner did not furnish more than half the support of his minor daughter in 1964 and is not entitled to a dependency exemption for her. Francis H. MacPhaiden, Jr., pro se, 4313 90th Ave., S.E., Mercer Island, Wash. Eugene H. Flood, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined a deficiency in income tax for the calendar year 1964 in the amount of $138.43. The only issue for decision is whether in 1964 petitioners furnished over half the support of Susan Gail MacPhaiden, the minor daughter of Francis H. MacPhaiden and his former wife Glenna Mae, now Glenna Mae Parker. Findings of Fact The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Petitioners are husband and wife, residing in Mercer Island, Washington at the time the petition herein was filed. They filed a joint income tax return for the calendar year 1964 with the district director of internal revenue at Tacoma, Washington. On such return they claimed a dependency exemption deduction for Susan Gail MacPhaiden, then aged 12, daughter of Francis and his former wife. *28 On such return petitioners stated that Susan Gail lived in their home for 2 1/2 months in the year, that petitioners furnished $400 for her support and that the amount furnished by others was unknown. They reported total income of $12,033.21, principally from salaries of both of the petitioners. In 1955 Francis H. MacPhaiden and Glenna M. MacPhaiden were divorced by decree entered in the Superior Court of the State of Washington for the County of King. Glenna was awarded care, custody and control of Susan Gail subject to rights of reasonable visitation by Francis. Subsequent to the divorce the petitioners were married. Also, Glenna married Owen F. Parker. Under the divorce decree Francis was required to pay Glenna $40 per month as support money for Susan Gail. In a subsequent proceeding in the Superior Court for the County of King, Glenna sought a modification of the divorce decree to increase the payments for support of Susan Gail, alter the visitation rights of Francis and make a finding as to which parent is entitled to the income tax exemption for Susan Gail. Francis filed a crosspetition in that proceeding. The court, on February 24, 1960, denied the requests for increased *29 support and alteration of visitation rights and determined that Francis contributed more than fifty percent to the support of Susan Gail and was entitled to take her as an income tax exemption on his tax returns. In the year 1964 the dependency exemption for Susan was also claimed on the income tax return of Owen F. and Glenna M. Parker. The exemption so claimed was disallowed by the Commissioner and a statutory notice issued to the Parkers on May 17, 1966. They filed a petition, Docket No. 4650-66, with the Tax Court on August 17, 1966. Subsequently the case with the Parkers was settled and the dependency exemption for Susan allowed to them. A decision-stipulation to that effect was entered by the Court on March 31, 1967. During 1964 Susan Gail resided with her mother and stepfather, the Parkers, with the exception of 14 or 15 weekends (from approximately 7:30 p.m. Friday to 4:30 p.m. Sunday) and a period from about August 1 to August 21, when she stayed in the home of the petitioners. She did not live in the petitioners' home in 1964 after August 21. The Parkers lived in Kent, Washington. The rental value of their house was approximately $185 per month. They had two other children, *30 both younger than Susan Gail. Owen F. Parker was employed as a food salesman. His gross income in 1964 was $6,724.34. Glenna was a housewife not otherweise employed. The Parkers paid for the support of Susan Gail, certain medical expenses, school expenses, the cost of a bicycle and furniture for her use, amounts for clothing and gifts and a share of the expenses for maintaining the home and operation of the family car, aggregating $912.43. A share of the fair rental value of their house, includible in the support furnished by the Parkers, was $444. During 1964 Glenna endorsed ten checks received from Francis, in the total amount of $400. In addition, Francis paid approximately $220.12 for clothing and gifts for his daughter Susan Gail. The petitioners did not furnish over half of the support of Susan Gail MacPhaiden in 1964. Opinion Petitioner Francis has the burden of proving that he furnished more than one-half the cost of the support of Susan Gail during the year 1964 and thereby is entitled to the dependency exemption as claimed. Petitioner contended that he is entitled to have the exemption because the Superior Court in February 1960, in a hearing on a petition by Glenna *31 Mae Parker to increase the amount to be paid by petitioner for support of Susan Gail, found as a fact that petitioner contributed more than fifty percent to the support of Susan Gail and is entitled to take her as an income tax exemption on his tax returns. As the petitioner has recognized on brief, the ruling of the state court on this question is not binding on this Court. Furthermore, whatever importance the finding of the state court may have had as evidence of the comparative contributions of the petitioner and Glenna in 1960 or prior years, it can have no effect as to the taxable year 1964. The determination of the right to the exemption for 1964 must be made from the evidence of support contributions made in that year. Petitioner introduced evidence to show the cost of his residence and canceled checks to show the amounts which he said he had paid as contributions to the support of Susan Gail. Among the amounts claimed as support items are $147.25 as a share of the fair rental value of his residence and $111.70 as a share of the payments for heat and utilities relating to the residence and auto expenses, and $220.12 paid for gifts and clothes. Petitioner contends that *32 in computing the amount of his payments for support of Susan Gail he is entitled to include a prorata share of his household expenses, including the fair rental value of his residence. He argues that Susan Gail resided with him for periods aggregating about two and one-half months in 1964 and that 25% of at least one-sixth of such household expenses and auto expenses should be regarded as part of her support. We do not consider any part of such household expenses, fair value of the residence, heat and utilities or auto expenses as a part of the support of Susan Gail. Glenna had custody of the daughter and the duty to provide a home. Petitioner was merely exercising his personal visitation rights when he brought her to his home and he was under no necessity to provide a home. . As shown by the evidence, the total amount furnished for the support of Susan Gail was approximately $1,576.55, of which $620.12, or less than one-half, may properly be regarded as support furnished by petitioners. Accordingly petitioners are not entitled to the dependency exemption claimed by them for Susan Gail in the taxable year 1964. Decision will be *33 entered for the respondent.